**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER CHANDLER, Case No. 1:26-cv-00772

Plaintiff, Dlott, J.
Bowman, M.J.

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

**REPORT AND RECOMMENDATION**

This action brought by *pro se* Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. was filed in this Court by Defendant on August 5, 2026, having been properly removed from Hamilton County Municipal Court (Doc. 1).

On September 16, 2026, the Court set this matter for a telephone scheduling conference on October 1, 2026 at 11:00 a.m (Doc. 9). Plaintiff was served proper notice of the conference by ordinary first-class mail. Despite this, Plaintiff failed to appear at the conference.

On October 1, 2026, the undersigned issued an Order to Show Cause to Plaintiff for his failure to appear at the October 1, 2026 conference (Doc. 10). Plaintiff was advised that failure to comply with the Order would result in a recommendation to the assigned presiding judge that this matter be dismissed without prejudice for want of prosecution.

On October 7, 2026, attorney Joshua Charles Evans entered his appearance on behalf of Plaintiff (Doc. 11). On October 13, 2026, Plaintiff, through counsel, responded to the Order to Show Cause (Doc. 13). Based on Plaintiff's response, the Court rescinded

the Order to Show Cause and rescheduled the Telephone Scheduling Conference for November 4, 2026 at 10:00 a.m. Plaintiff was again advised that his failure to appear at the conference would result in a recommendation to the assigned presiding judge that this matter be dismissed for want of prosecution (*see* Notation Order of October 14, 2026).

On November 4, 2026, the undersigned conducted the telephone scheduling conference as scheduled at 10:00 a.m. Once again neither the Plaintiff nor his attorney appeared at the conference.

The Court finds Plaintiff has failed to comply with the Court's prior Order. "District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an Order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for want of prosecution and Plaintiff's failure to comply with an Order of the Court.

Accordingly, it is **RECOMMENDED THAT:**

Plaintiff's Complaint be **DISMISSED** for want of prosecution and failure to comply with an Order of the Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).